NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JAMILA BEMBRY-MUHAMMAD, | : | CIVIL ACTION NO. 15-8829 (JLL) |
| | : | |
| Appellant, | : | O P I N I O N |
| | : | |
| v. | : | |
| | : | |
| MARIE-ANN GREENBERG, | : | |
| | : | |
| Appellee. | : | |
| | : | |

**LINARES, District Judge**

**THE APPELLANT**, who is pro se, is a debtor appealing from an order of the United States Bankruptcy Court, dated December 7, 2015, which declined to confirm her Chapter 13 Plan and dismissed her voluntary petition for relief under Chapter 13 without prejudice. (See dkt. 1 – dkt. 1-2.) According to the Appellant herself, the petition underlying this appeal is her fourth bankruptcy petition since 2009. (See dkt. 7 at 3.) For the following reasons, this Court will now dismiss the appeal for failure to prosecute. See In re New Century TRS Holdings, Inc., 619 Fed.Appx. 46, 47–49 (3d Cir. 2015) (requiring a district court to address the six factors set forth in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863 (3d Cir. 1984), when dismissing an appeal from a Bankruptcy Court order for failure to prosecute).

**ON FEBRUARY 16, 2016**, this Court granted the Appellant's request for a thirty day extension of time to perfect the appeal. (See dkt. 3.)

**ON MARCH 16, 2016**, this Court granted the Appellant's request for a further extension of time to perfect the appeal to March 23, 2016.  (See dkt. 4.)  In doing so, this Court expressly noted that "no further extensions will be allowed."  (Id.)

**ON APRIL 5, 2016**, this Court granted the Appellant's request for yet another thirty day extension of time to perfect the appeal.  (See dkt. 6.)  Again, this Court expressly noted that the Appellant was being "grant[ed] . . . one additional extension," and that if the "Appellant does not file her brief by the new deadline, the appeal will be dismissed."  (Id.)

**THE APPELLANT** filed a brief on May 5, 2016, but she failed to demonstrate that she had properly served the brief on the Appellee.  (See dkt. 7.)  Thus, on June 27, 2016, this Court ordered the Appellant to file "proof of service of her brief on Appellee demonstrating that appropriate service in accordance with the rules has been accomplished" by July 11, 2016.  (Dkt. 8.)  The Appellant failed to comply.

**ON JULY 14, 2016**, this Court provided the Appellant with one more opportunity to "file . . . proof of appropriate service of her appeal brief on Appellee by no later than August 5, 2016."  (Dkt. 9.)  This Court expressly stated that if "proof of service is not filed by this date, the appeal will be dismissed."  (Id.)

**ON AUGUST 5, 2016**, the Appellant filed what she purported to be proof of service.  (See dkt. 10.)   However, what the Appellant has filed is a copy of a letter addressed to an employee of a certain self-storage facility, wherein the Appellant states that she is delivering a copy of her brief to that individual by hand.  (Id.)  The self-storage facility was one of the Appellant's creditors listed in the underlying bankruptcy petition. See Bankr. D.N.J. No. 15-28272-RG, dkt. 1 at 9.

**THE APPELLANT** has not complied with this Court's directions, even though the original time to perfect the appeal expired long ago.  See Fed.R.Bankr.P. 8018(a) (stating an appellant in a bankruptcy case must serve and file a brief within thirty days).  The Appellant has failed to serve the Appellee, i.e., the Chapter 13 Standing Trustee.  See Fed.R.Bankr.P. 8011.

**THIS COURT** will now address the Poulis factors.  First, because the Appellant is proceeding pro se, the duty to properly prosecute the appeal fell on her, and thus she is personally responsible for the failure to timely perfect this appeal and to properly serve the Appellee.  Second, her creditors would be prejudiced at this juncture if this Court were to allow the appeal to proceed several months after it was supposed to be perfected.  Third, by missing all of the deadlines imposed by this Court, the Appellant has shown a history of dilatoriness.  Fourth, the appellant has demonstrated willful conduct by missing her extended deadlines, even though this Court repeatedly and expressly warned her about the consequences, and even though she is an experienced litigant by her own admission.  Fifth, because the Appellant is a person of limited means and is seeking bankruptcy relief for the fourth time, monetary sanctions will not be an effective alternative to dismissal.

As to the sixth factor, this Court notes that the Bankruptcy Court dismissed the petition without prejudice.  This tends to indicate that the Appellant had an opportunity to return to Bankruptcy Court to remedy any deficiencies found in her petition, and to seek bankruptcy relief anew without resorting to an appeal.  However, this Court assumes for the purposes of this analysis that the appeal may have some merit.  This Court finds that

dismissal is nonetheless warranted when the other Poulis factors are considered.  See In re New Century TRS Holdings, Inc., 619 Fed.Appx. at 49 (stating that the possible merit of the appeal from a Bankruptcy Court order did not outweigh the other factors in favor of dismissal); In re Downs, 614 Fed.Appx. 855, 855–56 (7th Cir. 2015) (affirming the district court's dismissal of an appeal brought by a pro se debtor-appellant for failure to prosecute in a case concerning a Chapter 13 bankruptcy petition,).

      **FOR GOOD CAUSE APPEARING**, this Court will issue an appropriate order.

                                                          s/ Jose L. Linares
                                                        **JOSE L. LINARES**
                                                        United States District Judge

**Dated:**  September 12, 2016