**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMILA BEMBRY-MUHAMMAD, | : | CIVIL ACTION NO. 15-8829 (JLL) |
| Appellant, | : | **O P I N I O N** |
| v. | : | |
| MARIE-ANN GREENBERG, | : | |
| Appellee. | : | |

**LINARES, District Judge**

The pro se debtor-appellant (hereinafter, "Appellant") had previously appealed from a December 7, 2015 order of the United States Bankruptcy Court (hereinafter, "2015 Bankruptcy Court Order"). The 2015 Bankruptcy Court Order declined to confirm the Appellant's Chapter 13 Plan, and dismissed her voluntary petition for Chapter 13 relief without prejudice.

This Court, in an order dated September 12, 2016 (hereinafter, "September 2016 Order"), dismissed the appeal for the Appellant's failure to diligently prosecute it. (See dkt. 12.) This Court set forth the reasoning for the dismissal of the appeal, including the Appellant's history of dilatory conduct, in an opinion that accompanied the September 2016 Order (hereinafter, "September 2016 Opinion"). (See dkt. 11.)

On October 11, 2016, the Appellant submitted a Letter Request to this Court seeking: (1) reconsideration of the September 2016 Order; and (2) to have this case

sealed. (See dkt. 13.) For the reasons that follow, this Court will deny the Letter Request in its entirety.

## RECONSIDERATION

**I.    Standard**

The Appellant's request for reconsideration of the September 2016 Order is governed by Local Civil Rule 7.1(i), which is an extremely limited procedural vehicle. See In re Mondelli, No. 10-3393, 2011 WL 2517254, at *1 (D.N.J. June 23, 2011) (stating that Local Civil Rule 7.1(i) governs requests in the District of New Jersey for reconsideration of a District Court's order that resolves an appeal from a Bankruptcy Court's order), aff'd, 508 Fed.Appx. 131 (3d Cir. 2012); see also In re Marasek, No. 14-5213, 2015 WL 2131106, at *1 (D.N.J. May 6, 2015) (denying a motion for reconsideration of the District Court's disposition of an appeal from a Bankruptcy Court's order).

This Court will hold the request for reconsideration by the Appellant, who is pro se, to "less stringent standards than formal pleadings drafted by lawyers." Fields v. Bleiman, No. 06-5451, 2007 WL 2972545, at *1 (D.N.J. Oct. 10, 2007) (quotation marks and citations omitted) (concerning a pro se appellant's motion for reconsideration of a District Court's order that addressed an appeal from a Bankruptcy Court's order), aff'd, 267 Fed.Appx. 144 (3d Cir. 2008).

District Courts enjoy the discretion to consider requests for reconsideration, but they grant such requests sparingly. See Caver v. City of Trenton, 420 F.3d 243, 258 (3d

Cir. 2005); Sheehan v. Dobin, No. 10-6288, 2012 WL 426285, at *2 (D.N.J. Feb. 9, 2012) (denying a motion for reconsideration of the District Court's earlier affirmance of a portion of a Bankruptcy Court's order that had been on appeal)), appeal dismissed, No. 12-1987 (3d Cir. Jan. 23, 2013).  A party seeking reconsideration must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  See Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Fields, 2007 WL 2972545, at *1 (denying a motion for reconsideration of the District Court's affirmance of a Bankruptcy Court order on appeal).

A party seeking reconsideration may not relitigate old matters, and may not raise arguments or present evidence that could have been raised before the entry of the order in issue.  See Boretsky v. Governor of N.J., 433 Fed.Appx. 73, 78 (3d Cir. 2011); Dunkley v. Mellon Investor Servs. LLC, 378 Fed.Appx. 169, 172 (3d Cir. 2010); Fields, 2007 WL 2972545, at *1.

## II.   Timeliness

The Appellant did not file her request for reconsideration within fourteen days of the entry of the September 2016 Order, and therefore the request is untimely.  See L.Civ.R. 7.1(i).  This Court could deny reconsideration on this ground alone.

However, the Appellant commendably acknowledges in her Letter Request that her request for reconsideration is untimely, and she argues that she had not picked up her

mail at the post office because she was busy pursuing her education and seeking a job. Thus, this Court will address the request for reconsideration on the merits.

### III. Reconsideration Must Be Denied

The Appellant's request for reconsideration, even when liberally construed in view of her pro se status, does not raise an intervening change in the controlling law, any previously unavailable evidence, a clear error of law or fact, or an instance of manifest injustice. As this Court has already noted, the Appellant was able to explain why her Letter Request was two weeks late. However, the Appellant has not adequately explained why she failed to prosecute her appeal in a timely fashion over the course of several months, particularly when this Court had: (1) granted her many requests for extensions of time to proceed on the appeal; and (2) repeatedly warned her that the appeal would be dismissed if she did not proceed in a proper manner. This Court thus intends to deny the Appellant's request for reconsideration. See Jackson v. City of Philadelphia, 535 Fed.Appx. 64, 69 (3d Cir. 2013) (noting the propriety of the district court's denial of a reconsideration motion because the movant "did not argue any of the limited grounds for reconsideration").

This Court notes, as it previously noted in the September 2016 Opinion, that the 2015 Bankruptcy Order dismissed the Appellant's underlying bankruptcy petition without prejudice. (See dkt. 11 at 3.) This tends to indicate that the Appellant has an opportunity to return to the Bankruptcy Court in order to remedy any deficiencies that the Bankruptcy Court found in her original petition, and to seek bankruptcy relief there anew without resorting to an appeal.

4

## SEALING

The Appellant also requests that this Court seal this case in order to protect her privacy, and to keep potential employers from finding out about her credit woes. Unfortunately, "[w]hile we sympathize with the [Appellant], recognizing that the bankruptcy filing likely hampers her efforts in obtaining employment, such information is not sensitive enough to convince us that it should be placed under seal." In re Khan, No. 13-1297, 2013 WL 6645436, at *4 (B.A.P. 9th Cir. Dec. 17, 2013) (affirming the Bankruptcy Court's denial of the debtor-appellant's request to expunge her bankruptcy filing or to place her bankruptcy documents under seal, even though she asserted "that the bankruptcy filing has negatively affected her employment prospects"), appeal dismissed, No. 14-60022 (9th Cir. May 16, 2014).

Furthermore, "the fact that information may be damaging to a debtor's reputation is not sufficient to seal a document" in a bankruptcy case. In re Grasso, 490 B.R. 500, 529 (Bankr. E.D. Pa. 2013); see In re Mesaba Aviation, Inc., 418 B.R. 756, 763 (B.A.P. 8th Cir. 2009) (affirming a Bankruptcy Court's denial of a pro se claimant's request to seal her documents, and reasoning that "[i]njury or potential injury to [her] reputation will not suffice to deny public access to the document"), aff'd, 386 Fed.Appx. 580 (8th Cir. 2010); see also Kalil v. Utica City Sch. Dist., 301 Fed.Appx. 29, 30 (2d Cir. 2008) (affirming the denial of a pro se debtor's motion to seal her bankruptcy case, because the documents at issue did not contain trade secrets, propriety information, or information that was scandalous or defamatory); In re Neal, 461 F.3d 1048, 1054 (8th Cir. 2006)

(stating that "the unintended, potential secondary consequence of negative publicity . . . is regrettable but not a basis for sealing the [bankruptcy] filing").

The Appellant voluntarily petitioned for Chapter 13 relief in the Bankruptcy Court. "[V]oluntarily filing a bankruptcy petition — on its face — cannot constitute scandalous matter," and for this Court "[t]o find otherwise would turn the law on its head." In re Creighton, 490 B.R. 240, 247 (Bankr. N.D. Ohio 2013) (denying a debtor's motion to seal her bankruptcy records). Therefore, this Court is constrained to deny the Appellant's request to seal this case.

## CONCLUSION

For the reasons set forth above, the Appellant's Letter Request will be denied in its entirety. This Court will issue an appropriate order.

_____
**JOSE L. LINARES**
United States District Judge

**Dated:** October __24__, 2016